NATHAN WATERS vs. SAMUEL PEACH.—*December*, 1831.

In March, 1825, a writ of *fi. fa.* was sued out, which the sheriff returned at the return day. In July, a *vendi* issued founded upon that return; this being returned and not executed, another *vendi* was issued, which was returned to April term, 1827, executed, and the proceeds of the property sold, paid to plaintiff's attorney. At April term, 1828, the defendant in the execution, moved to quash the last *vendi*, and the return thereto, for various alleged irregularities. HELD, that the motion not being made at the return term of the writ, nor while the proceedings were in *fieri*, was too late.

APPEAL from *Prince George's* County Court.

On the 10th March, 1825, a *fieri facias* issued out of *Prince George's* County Court, on a judgment rendered in that court, in favor of the appellee against the appellant. At the return day of the writ, the sheriff returned it— "laid as per schedule and paid $574 09. Not sold for want of bidders." On the 13th of July, 1825, a writ of *venditioni exponas* issued, commanding the sheriff to expose to sale one tract of land called *Pasture Enlarged*, 200 acres: one ditto *Osbourn's Lot*, and *part of Pleasant Grove*, 52 acres: *part of Duvall's Pleasure*, 150 acres: *part of Tukesbury*, 50 acres: *part of Tukesbury* and *Walker's Delight*, 150: part of a tract of land called *Friendship*, 180 acres: which were stated to have been seized and taken by the said sheriff, under the said writ of *fieri facias*. This writ of *venditioni exponas* being returned, "not sold for want of bidders," another writ issued for the same purpose, on the 4th of December, 1826, returnable to April term, 1827. To this writ, the sheriff at the return term made the following return:—"made by a sale to Doctor Charles Duvall, on the 30th day of December, 1826, of all the interest of the defendant, in and to the following parcels of land, to wit:—one tract of land called *Pasture Enlarged*, containing 200 acres more or less, one tract of land called *Osbourn's Lot*, and *part of Pleasant Grove*, containing 52 acres more or less : one tract of land

called *Duvall's Pleasure*, or *part* of *Duvall's Pleasure*, containing 150 acres more or less : one tract of land called *Tukesbury*, and a part of *Tukesbury* and *Walker's Delight*, containing 150 acres more or less; and a tract of land called *Friendship*, containing 180 acres, the sum of $1350, which has been paid to me by the said *Charles Duvall*, and by me paid to plaintiff's attorney.    *George Simms*, sheriff." And the sheriff on the day of the return of the said writ, filed in court with his said return, the following schedule, to wit:—"A schedule of the property of *Nathan Waters*, taken in execution at the suit of *Samuel Peach*, issued from *Prince Georges* County Court,—all his right, title and interest, in the following tracts, or parcels of land, to wit: a tract of land called *Pasture Enlarged*, containing 200 acres; one do, called *Osbourne's Lot*, and *part of Pleasant Grove*, containing 52 acres ; *part of Duvall's Pleasure*, containing 150 acres; part of a tract of land called *Tukesbury*, and *part of Tukesbury* and *Walker's Delight*, 150 acres; and a tract of land called *Friendship*, containing 180 acres, more or less; and valued by the undersigned at $5 per acre, this 30th day of December, 1826." Afterwards, at April term, 1828, the defendant, in the execution named, (the present appellant,) moved to quash the last of the said writs of *venditioni exponas*, and the return thereto, for the following reasons.  1. Because the *sheriff* has returned to the *fi. fa.* issued in this cause, " levied as per schedule," and no schedule appears to have been returned.  2. Because it does not appear from the said return, that any levy was made before the return day of the *fi. fa.*  3. Because the *venditioni exponas*, under which the sale was made, was a renewal of a previous writ ; and said *venditioni exponas*, and return thereto, are variant from the first writ.  4. Because the said writ was irregularly issued.  5. Because the description of the property directed to be sold, is uncertain.  6. Because the description of the property as set out in the advertisement of sale, and sheriff's return, is uncertain.  7. Because the

said return is irregular, informal, uncertain and void. The County Court overruled the motion. From this decision the defendant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., EARLE, and ARCHER, J.

*Alexander* and *Stonestreet*, for the appellant, contended,

1. That it does not appear that the writ of *fieri facias* was tested in term, as it should have been. 2 *Tidd. Pr.* 914. *Shirly vs. Wright*, 2 *Salk.* 700. 1 *Sellon*, 520. 2. That the return thereto is void. 3. The original *venditioni exponas* was not warranted by the writ of *fi. fa.* and the return is uncertain upon its face, and the return thereto is also defective. *Shirly vs. Wright*, 2 *Salk.* 699. 2 *Tidd's Pr.* 931. 1 *Sellon*, 520. *Thomas vs. Turvey*, 1 *Harr. and Gill*, 435. *Purl vs. Duvall*, 5 *Harr. and Johns.* 69. 4. The alias *venditioni exponas* was irregularly issued, and is variant from the original. 5. That the sheriff's return to the last writ is defective, because the sale made by the sheriff, was not made in due form of law; and because it appears that the lands supposed to be sold, are different lands from those which are mentioned in the *alias* writ, and which by said writ, he was authorised, and commanded to sell.

They argued that the motion did not come too late, and for that purpose cited, 4 *Harr. and McHen.* 291. *Harden and Carson vs. Moores*, 7 *Harr. and Johns.* 4. *Williamson vs. Perkins*, 1 *Harr. and Johns.* 449. 2 *Saund. Rep.* 68. *F. note* 2, *and* 69. *C. note* 3.

*Magruder* and *Johnson*, for the appellee.

The objections so far as they relate to mere matters of form, are waived, by the delay in making the motion to set the proceedings aside. *Fletcher vs. Wells*, 1 *Serg. and Low*, 352. If a writ is taken out in term, it must be tested on the first day of the term; if in vacation, on the last day

of the preceding term. *Arch. Pr.* 284, 297. A return void in part, may be good for the residue, *Hollingsworth vs. Floyd, et al.* 2 *Harr. and Gill,* 87. 2 *Caine's Rep.* 354. If therefore, the court should be of opinion, that the return is imperfect in reference to some of the parcels of land, it is certainly good as to others, and consequently, the whole is not to be set aside. The defects however, were all amendable, and upon the authority of *Fletcher and Wells,* the motion comes too late, 1 *Archbold,* 284, 279. *Berry vs. Griffith,* 2 *Harr. and Gill,* 337. The return to the second *venditioni exponas* is specific, and as all the writs and returns prior to the sale are but one proceeding, the defects of the former, are cured by the latter, *Clark vs. Belmear,* 1 *Gill and Johns.* 445. They insisted that sales made under judicial process, are considered as made under the authority of the court, and as sales *nisi.* If the defendant intends to object, he should do so at the return term of the writ, when the money is in the power of the court, and may be refunded to the purchaser. To this proceeding the purchaser is no party,—none are parties but the defendant, and the plaintiff in the judgment, having received his money, may not choose to concern himself with such a motion. If objections like the present, can be made at a distant day, purchasers would never know when their titles would be secure. The only person entitled to complain of the irregularity of these proceedings, if they are so in fact, is the purchaser,—if he is willing to trust his money and title upon them, what right has the defendant to urge objections?

ARCHER, J., delivered the opinion of the court.

Entertaining the views which we do, in relation to the time at which the motion to *quash* the *venditioni exponas,* and sheriff's return has been made, we do not deem it necessary to express any opinion in relation to the various defects which have been insisted to exist, in the *fieri facias, venditioni, alias venditioni,* and the sheriff's returns

thereto. Had the defendant appeared at the term to which the *alias* writ of *venditioni exponas* was returnable, and when the proceedings were in *fieri*, and made his motion to quash them, the regularity and legality of the proceedings would have properly come up for adjudication. But after the term has passed by, when the parties have no day in court, and the purchaser has paid the purchase money, which has actually passed to the credit of the judgment against the defendant, we apprehend it is too late, for the defendant, in this summary way, to make his motion to set aside the proceedings as irregular, and that too, without a rule to show cause, either against the plaintiff, or the purchaser, why the proceedings should not be quashed. The authorities cited from 4 *Harr. and McHen.* 291. *Williamson vs. Perkins*, 1 *Harr. and Johns.* 449, and *Harden and Carson vs. Moores,* 7 *Ib.* 4, do not appear to establish the positions for which they were cited. The motions to quash, were in all those cases made, while the proceedings were pending in court, or at the term to which they were returnable. We have been referred to 2 *Saund.* 69, note 3, to show, that if an inquisition upon an *elegit* be void for uncertainty, or because more than a moiety of the lands have been delivered, or for any other defect appearing on the face of it, as the plaintiff can never obtain possession of the lands under it, the court upon a *scire facias* will order the writ to be vacated : and it has been emphatically asked, if the proceedings may after the term, be vacated upon a *scire facias;* why may they not upon motion? The answer is obvious; because in the latter case, after the term, the parties have no day in court ; but upon the former, a day is given.

But why should the court be called upon at this time, to set aside these proceedings ? The purchaser, who is the only person likely to be affected by their illegality, if in fact they be so, (and whether they be, or be not so, we do not mean to intimate any opinion,) is willing to stand by the proceedings, and to rest his title upon them. There exists

no intimation, that by the course adopted by the sheriff in the execution of the writs, any injustice has been done to the defendant. There is certainly no evidence to that effect, and we conceive that such efforts to harrass the purchaser, do not merit the encouragement of the court.

JUDGMENT AFFIRMED.